(C.D. 2844)

CITIES SERVICE OIL CO.
R. W. SMITH ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 8, 1966)

*Sharretts, Paley & Carter* for the plaintiffs.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protests enumerated in the schedule, attached to and made a part of the decision herein, controvert the classification by the collector of customs of certain merchandise within the provisions of paragraph 328 or paragraph 312 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and the assessment of duty thereon at the rate 12½ per centum or 7½ per centum ad valorem.

It is the contention of plaintiffs herein that said merchandise consisting of plain end oil well casing with beveled edges should properly have been classified as structural shapes, not advanced beyond hammering, rolling, or casting, in paragraph 312 of said act, as modified by the Torquay protocol, *supra*, for which duty at the rate of one-tenth of 1 cent per pound is provided

These cases have been submitted for decision upon the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that the merchandise marked "A" and checked WFB (Examiner's Initials) by Examiner W. F. Burns, Jr. (Ex-

aminer's Name) on the invoices covered by the protests enumerated in Schedule A, attached hereto and made a part hereof, assessed with duty at 7½% ad valorem as structural shapes, advanced beyond hammering, rolling, or casting under paragraph 312 of the Tariff Act of 1930, as modified by T.D. 52739, except such merchandise as is so marked erroneously on invoice #07574 included in entry #23–H covered by protest 269257–K, consists of plain end oil well casing with beveled edges the same in all material respects as the merchandise the subject of *American Mannex Corp.* v. *United States*, C.D. 2608, wherein said merchandise was held properly dutiable as structural shapes, not advanced beyond hammering, rolling or casting under paragraph 312 of the Tariff Act of 1930, as modified.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2608 be incorporated with the record in these cases and that the protests be submitted on this stipulation, said protests being limited to the merchandise marked "A", as aforesaid, except as above indicated, and to the claim that said merchandise is properly dutiable at ⅒ of 1¢ per pound under paragraph 312 of the Tariff Act of 1930, as modified by T.D. 52739

Upon the agreed facts of record and following the cited authority, we hold that the items of merchandise marked and initialed as aforesaid (except such merchandise as is so marked erroneously on invoice No. 07574 included in entry No. 23–H covered by protest 269257–K) should properly have been classified as structural shapes, not advanced beyond hammering, rolling, or casting, in paragraph 312 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, and subjected to duty at the rate of one-tenth of 1 cent per pound. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will be entered accordingly.